UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>                Plaintiff,<br><br>v.<br><br>William Jones,<br><br>                Defendant. | Case No. 23-cr-343(1) (DSD/DLM)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the Court on William Jones's Motion to Dismiss Counts 2 and 3 of the Indictment. (Doc. 27.) The case has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the reasons below, the Court recommends that Mr. Jones's Motion to Dismiss Counts 2 and 3 of the Indictment be denied.

On November 14, 2023, Mr. Jones was charged in a three-count indictment with Attempted Carjacking in violation of 18 U.S.C. § 2119(1) (Count 1), and being a Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8) (Counts 2 and 3). (*See generally* Doc. 1.) Mr. Jones moves the Court, under Federal Rule of Criminal Procedure 12(b), to dismiss Counts 2 and 3 of the indictment, asserting that § 922(g)(1) violates the Second Amendment of the United States Constitution both facially and as applied to him. For dismissal, Mr. Jones relies on *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), in which the Supreme Court announced that the government may not constitutionally regulate firearm possession unless the regulation "is

part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Id.* at 2127.

Since *Bruen*, a split of authority in the federal circuit courts of appeal has developed regarding the validity of § 922(g). On one hand, the Third Circuit, sitting en banc, has found it unconstitutional as applied to the appellant in that case. *Range v. Att'y Gen. United States of Am.*, 69 F.4th 96, 106 (3d Cir. 2023) (en banc). The Eighth Circuit, however, has found the law to be constitutional. *United States v. Jackson*, 69 F.4th 495, 502 (8th Cir. 2023).

*Jackson* is binding authority in this Circuit and this District. Mr. Jones concedes that current Eighth Circuit law requires this Court to deny his motion, and states that he filed his motion to preserve the issue for further review. (Doc. 27 at 1.) This Court agrees that it must deny Mr. Jones's motion.

Accordingly, based on all the files, records, and proceedings above, **IT IS RECOMMENDED** that:

1. Mr. Jones's Motion to Dismiss Counts 2 and 3 of the Indictment (Doc. 27) be **DENIED**.

Date: May 17, 2024                                    *s/Douglas L. Micko*
                                                     DOUGLAS L. MICKO
                                                     United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served with a copy" of the Report and Recommendation.

A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).